[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield at Bridgeport. Docket No. 29, 433; Ira Grudberg, Esq., Defense Counsel, for the Petitioner Jonathan Benedict, Esq., Assistant State's Attorney, for the State CT Page 8414 SENTENCE AFFIRMED
BY THE DIVISION
The petitioner received an eighteen year sentence for manslaughter in the first degree, Connecticut General Statutes Section 53a-55 (a)(1). The case went to trial after the petitioner was indicted for murder by a grand jury. The first trial was held in 1984 when the petitioner was tried and convicted on the manslaughter charge. An appeal was taken to the Appellate Court where the conviction was affirmed. Upon granting certification, the Supreme Court reversed and a new trial was ordered which resulted in the conviction and sentence the petitioner requests we review.
The wife of the petitioner died from a massive skull fracture May 7, 1982. The police had been called to the family home by the petitioner who gave a story which was later proven unsubstantiated by the physical evidence. Although the petitioner maintains his innocence, apparently the victim was bludgeoned to death and later choked by her husband in a moment of rage. She and the defendant had two children ages 5 and 3 who apparently were at home at the time of the incident.
 The petitioner has been at liberty since his conviction. Counsel for the petitioner emphasized the petitioner's unblemished criminal record and his otherwise exemplary life which was stained by a "single moment of rage." He postulates the theory that the sentencing judge felt the conviction should have been for murder rather than manslaughter and sentenced accordingly to nearly the maximum of twenty years. Petitioner urges the division to consider the claim that this was a case of circumstantial evidence and points out that even the victim's parents feel a suspended sentence would be more appropriate, particularly in light of their grandchildren's needs to have their sole surviving parent available to support and nurture them. The case, the petitioner argues, is worthy of a greater discount for his past record than merely two years.
On the other hand, the assistant state's attorney points out that the victim died of a severe beating which took place virtually all over the house. The petitioner deprived the victim of her life in her prime and rendered the children motherless by his attack for which he showed no remorse. The sentence, said the state's attorney, was fair and justice had been done.
At sentencing, the court described the event as "very tragic" and "unfortunate." It further said, "The actual deed was a horrendous one. The way the victim was bludgeoned was a CT Page 8415 very terrible event. The court is of the opinion that it is a classic example of manslaughter in the first degree with a clear intent to cause serious physical injury and the resulting death of the (victim)."
We find that sentence was reasonable in light of the all pertinent factors. The petitioner took his wife's life in a senseless and brutal rage for which he was tried and convicted. It is noteworthy that the presentence investigation report recommended "that Hoeplinger be confined for a substantial period of time, during which he avail himself of whatever psychological treatment may still be warranted."
It is clear that the sentencing judge focused on the elements of the offense and expressed his belief that the charge was appropriate to the evidence produced at trial.
We are unpersuaded by the petitioner's claim that his clear criminal record and responsibilities to his family justify the reduction of an eighteen year sentence for the taking of his wife's life.
The sentence is affirmed
STANLEY, J. PURTILL, J. NORKO, J.
Purtill, J., Norko, J. and Stanley, J. participated in this decision.